# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GERALD D. FIELDS,<br>      Plaintiff,<br>v.<br>KELLY J. COTTRILL, *et al.,*,<br>      Defendants. | Case No. 2:14-cv-483<br>Judge Peter C. Economus<br>Magistrate Judge Elizabeth P. Deavers<br>**MEMORANDUM OPINION AND ORDER** |

      This matter is before the Court for consideration of Plaintiff's Objection to the Magistrate Judge's Deficiency Order and Request for Change of Venue. (Dkt. 3.) Plaintiff filed his Complaint in this action on May 21, 2014. (Dkt. 1.) Along with his Complaint, Plaintiff provided a handwritten Motion to Proceed *In Forma Pauperis* and affidavit in support. Plaintiff lists his address as "1800 Harmon Ave, P.O. Box 23651, Columbus, Ohio 43223-3651." (*Id.*) This is the address for the Franklin Pre-Release Center, which is facility controlled by the Ohio Department of Rehabilitation and Corrections ("ODRC"). Plaintiff, however, denies he is an inmate and did not submit an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees. Nor did he provide a certified trust account statement from his prison's cashier.

      On May 23, 2014, the Magistrate Judge issued a Deficiency Order giving Plaintiff thirty days to provide the appropriate documentation to proceed *in forma pauperis* as a prisoner under 28 U.S.C. §§ 1915(a)(1), 1915(a)(2), and 1915(b)(1). (Dkt. 2.) Plaintiff filed the instant Objection on June 2, 2014. In his Objection, he indicates that he cannot comply with the Magistrate Judge's Order because he is not a prisoner. Plaintiff does not, however, provide an alternate address other than the ODRC facility. Plaintiff's Objection is therefore **OVERRULED**. Even if Plaintiff is not an inmate at the Franklin Pre-Release Center, he still would be required to provide paperwork consistent with 28 U.S.C. § 1915(a)(1). *In re Prison*

*Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("Like prisoners, a non-prisoner seeking pauper status in the district court must file an affidavit listing all of his or her assets.") (quoting 28 U.S.C. § 1915(a)(1)). Consequently, Plaintiff Fields is **DIRECTED to submit, within FOURTEEN (14) DAYS of the date of this order, the appropriate application and affidavit**, as well as a certified trust account statement from the Franklin Pre-Release Center. Without receipt of the requested documentation, the Court is required to assume that Plaintiff Fields is not a pauper, and it will: (1) assess Plaintiff the full amount of the filing fee; (2) dismiss this action for want of prosecution; and (3) not reinstate the case to the Court's active docket **even if the filing fee is then paid in full.** *See In re Prison Litig.Reform Act*, 105 F.3d at 1132.

Plaintiff also requests a change of venue pursuant to 28 U.S.C. § 1404(a). Plaintiff indicates that a change in venue is proper because "he cannot receive justice in the U.S. Sixth Circuit in [this] district court." (Mot. 2, Dkt. 3.) He further indicates, without citing additional facts, that the Court will "materially alter his pleadings, impacting his substantive rights . . . and refuse to follow the civil rules." (*Id.*) Venue, however, is proper in the Southern District of Ohio because all of the Defendants reside in this judicial district. *See* 28 U.S.C. § 1391 (venue is proper in the judicial district where any defendants reside or in which the claims arose). Plaintiff merely provides an unsubstantiated claim of bias as cause for a change in venue, which will not suffice. *See Smith v. ABN AMRO Mort. Grp. Inc.*, 434 F. App'x 454, 465 (6th Cir. 2011) ("[A]n unsubstantiated claim of jury bias . . . is insufficient to compel a district court to transfer a case.") Plaintiff's Request to Transfer Venue is therefore **DENIED**.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT JUDGE