UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERALD D. FIELDS,

     Plaintiff,

                                    Civil Action 2:14-cv-0483
     v.                           Judge Peter C. Economus
                                      Magistrate Judge Elizabeth P. Deavers

KELLY J. COTTRILL, *et al.,*

     Defendants.

### REPORT AND RECOMMENDATION

     For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and 28 U.S.C. § 1914 and 1915(a)(2) for failure to prosecute this action.

### I.

     Plaintiff filed this action on May 21, 2014.  (ECF No. 1.)  He failed to pay the requisite $400 filing fee.  Instead, Plaintiff filed a handwritten document titled Motion to Proceed *In Forma Pauperis* and Affidavit in Support, in which he represents that he does not have funds to prosecute this action.  (ECF No. 1.)  Plaintiff did not file an affidavit listing all of his assets.  Plaintiff provided his address as that of the Franklin Pre-Release Center, which is a facility controlled by the Ohio Department of Rehabilitation and Corrections ("ODRC").  Plaintiff notes, however, that he is not a prisoner.

     Noting that his submissions failed to "contain sufficient information to enable to Court to determine whether he is unable to pay the filing fees or give security therefor as required under 42 U.S.C. § 1915(a)(1)," the Court ordered Plaintiff to submit, within thirty (30) days, the

requisite $400 filing fee or alternatively, to file an application for leave to proceed *in forma pauperis*.  (ECF No. 2.)  The Court attached a copy of the *in forma pauperis* application for Plaintiff's convenience. The Court warned Plaintiff that failure to timely comply with the Order would result in dismissal of his case for want of prosecution.  (*Id.*)

On June 2, 2014, Plaintiff filed a document he titled "Objection to the Deficiency Order and Motion to Change Venue."  (ECF No. 3.)  Within this document, Plaintiff again denied being a prisoner.  He indicated that, since he was not a prisoner, he could not comply with the Court's Order to provide the appropriate application and certification from his prison's cashier.  Plaintiff did not, however, provide an alternate address other than the ODRC facility.  Plaintiff also requested a change in venue on the basis that he could not receive justice in this Court.  On June 10, 2014, the Court overruled Plaintiff's Objection and denied his request to change venue. (ECF No. 4.)  The Court noted the following with respect to Plaintiff's status as a prisoner:

> Even if Plaintiff is not an inmate at the Franklin Pre-Release Center, he still would be required to provide paperwork consistent with 28 U.S.C. § 1915(a)(1). *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("Like prisoners, a non-prisoner seeking pauper status in the district court must file an affidavit listing all of his or her assets.").

(Opinion and Order 2-3, ECF No. 4.)  The Court granted Plaintiff an additional fourteen days to comply with its Order by submitting the appropriate paperwork.  In addition, the Court once again advised Plaintiff that his failure to timely comply with the Court's Order would result in dismissal of this case for want of prosecution.  (*Id.*)

To date, Plaintiff has not complied with the Court's May 23, 2014 and June 10, 2014 Orders.  Instead, Plaintiff filed a document titled "Objection to the Memorandum & Order on Motion to Change Venue."  (ECF No. 5.)  In this Memorandum, Plaintiff asserts that, although

he is seeking to proceed *in forma pauperis*, the requirements of 28 U.S.C. § 1915(a)-(h) do not apply to him because he is not a prisoner. He also contends that his Motion for Change of Venue should be granted because he is the master of his Complaint. (*Id.* at 2.) Plaintiff did not provide an application to proceed *in forma pauperis*. Nor did he provide an affidavit listing all of his assets.

## II.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. At & T*, 176 F.3d 359, 363 (6th Cir. 1999).

"When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed *in forma pauperis* 'without prepayment of fees or security therefor' under 28 U.S.C. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d at 1131 (citing 28 U.S.C. § 1915(a)(1). "Submission of an sufficient affidavit and a certified trust fund account in accordance with [§ 1915(a)(2)] are statutory requirements for proceeding *in forma pauperis*." *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)). The United States Court of Appeals for the Sixth Circuit

describes the Court's responsibility when an individual has failed to pay the filing fee or submit the required forms as follows:

> If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution. If the case is dismissed under these circumstances, it will not be reinstated to the district court's active docket despite the payment of filing fees.

*In re Prison Litig. Reform Act*, 105 F.3d at 1132.

Here, the Court cautioned Plaintiff in both the May 23, 2014 and June 10, 2014 Orders that failure to comply would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b).  *See Erby v. Kula*, 113 Fed. App'x 74, 76 (6th Cir. 2004) (concluding that the district court did not abuse its discretion in dismissing a complaint under § 1915(a) where the deficiency order "clearly stated the documentation that must be submitted in order to apply to proceed *in forma pauperis*" and "expressly warned [plaintiff] that failure to comply with the order would result in the dismissal of his case for want of prosecution.").  The Court has given Plaintiff more than the thirty days required by the statute.  Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION** under Rule 41(b) and 28 U.S.C. §§ 1914 and 1915(a)(2).[1]

## PROCEDURE ON OBJECTIONS

---

[1] Despite Plaintiff's protestations that he is not a prisoner, he has not provided the Court with an address other than the ODRC facility.  In any event, Plaintiff has also failed to provide a non-prisoner application to proceed *in form a pauperis*.

4

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  June 25, 2014                          /s/ *Elizabeth A. Preston Deavers*
                                        Elizabeth A. Preston Deavers
                                        United States Magistrate Judge